UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

LUIS MIGUEL LAGUNA ORTEGA,       :

                                        :       DECISION & ORDER

                        Plaintiff,    :

                                          :       25-CV-1606 (DG)(PK)

          -against-        :

                                          :

TRANS UNION (OF DELAWARE), LLC and  :
EXPERIAN INFORMATION SOLUTIONS,   :
INC.,

                                          :

                      Defendants.  :
--------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

In this action brought by Luis Miguel Laguna Ortega ("Plaintiff") against Experian Information Solutions, Inc. ("Defendant")[1] under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, Defendant has moved to transfer venue to the District of Nebraska pursuant to 28 U.S.C. § 1404(a). ("Motion," Dkt. 13; *see also* "Def. Mem.," Dkt. 14.) Plaintiff has filed a Cross-Motion for Sanctions pursuant to 28 U.S.C. § 1927. ("Cross-Motion," Dkt. 19; *see also* "Pl. Mem.," Dkt. 20.) For the reasons stated below, the Motion is granted, and the Cross-Motion is denied.

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are taken from the Amended Complaint[2] and assumed to be true only for purposes of this Motion. (Am. Compl., Dkt. 32.)

---

[1] Defendant Trans Union (of Delaware), LLC was dismissed with prejudice on May 6, 2025, pursuant to the parties' Stipulation of dismissal. (Dkt. 11.)

[2] After filing the Motion, Plaintiff filed a Motion for Leave to Amend the Complaint to add new facts "to strengthen the New York nexus to defeat Defendant's Motion." ("Motion to Amend," Dkt. 23.) The Motion to Amend was fully briefed before oral argument on the Motion, and the Court directed the parties to argue the Motion based on the new facts alleged in the proposed amended complaint. (June 2, 2025 Order.) On August 1, 2025, the Court granted the Motion to Amend, and Plaintiff filed the Amended Complaint on August 7, 2025. (Dkt. 32.)

Plaintiff is a resident of Nebraska.  (June 5, 2025 Oral Argument Transcript ("Tr.") at 17:3, Dkt. 30.)  Defendant is a corporation incorporated in Ohio, with a principal office in California.  (Am. Compl. ¶ 9.)  Defendant has business operations in New York, including generating consumer credit reports, providing credit scores to New York lenders, and processing disputes that affect New York consumers and financial institutions.  (*Id.* ¶¶ 11-16.)

On January 10 and 11, 2025, Plaintiff applied for a personal loan and a credit card with New York-based lenders JPMorgan Chase Bank, N.A. ("JPMorgan") and Citibank, N.A. ("Citibank"), respectively.  (*Id.* ¶ 20.)  Plaintiff relied on Defendant's credit reports, which were generated and processed in New York, for both applications.  (*Id.* ¶ 3.)

On January 14, 2025, Plaintiff sent a dispute letter to Defendant's Texas address after identifying unauthorized credit inquiries and inaccuracies with his personal information in his Experian consumer credit report and consumer file.  (*Id.* ¶¶ 21, 33; "Dispute Letter," Ex. A to Am. Compl., Dkt. 32-1.)  Such inaccuracies lowered his FICO score and adversely impacted his New York consumer credit applications.  (Am. Compl. ¶ 21.)  Experian processed the dispute through its New York offices.  (*Id.* ¶ 34.)

On January 21, 2025, Defendant sent Plaintiff a form-letter response, which did not address the information he disputed or confirm reinvestigation.  (*Id.* ¶ 36; "Stall Letter," Ex. B to Am. Compl., Dkt. 32-2.)  The Stall Letter, which bears Defendant's address in Allen, Texas on its letterhead, was processed through Defendant's New York data centers.  (Am. Compl. ¶ 36;  vfDkt. 32-2.)

Plaintiff alleges that Defendant's failure to reinvestigate caused Plaintiff to be denied credit by JPMorgan Chase Bank on February 1, 2025, and by Citibank on February 5, 2025.  (Am. Compl. ¶ 43.)  Plaintiff's borrowing costs increased by approximately $5,000 in New York markets, and his creditworthiness was adversely affected.  (*Id.* ¶ 60.)  Plaintiff also suffered emotional distress and

incurred out-of-pocket costs of $500 for credit repair services he used to address the credit denials. (*Id.*)

## PROCEDURAL HISTORY

This action was filed in the Queens County Supreme Court and removed to this Court on March 24, 2025. (Notice of Removal, Dkt. 1.)

On May 19, 2025, Defendant filed the Motion. (Dkt. 13.) On May 23, 2025, Plaintiff filed the Cross-Motion. (Dkt. 19.)

## DISCUSSION

### I.    Defendant's Motion to Transfer Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party requesting transfer "carries the 'burden of making out a strong case for transfer,'" and courts have applied "the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (quoting *Filmline (Cros-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir.1989)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc. v Gottdiener*, 462 F.3d 95, 106 (2d Cir 2006).

To determine whether a motion to transfer venue should be granted, courts "must apply a two-pronged test: (A) whether the action could have been brought in the proposed forum; and (B) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice." *Cameron v. Prosegur Servs. Grp., Inc.*, No. 23-CV-8789 (DLI)(TAM), 2024 WL 4145742, at *1 (E.D.N.Y. Sept. 11, 2024) (quoting *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp.2d 342, 348 (E.D.N.Y. 2012)).

### A.    Whether This Action Might Have Been Brought in the District of Nebraska

"[F]or the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024).

Plaintiff does not dispute that that this action could have been brought in the District of Nebraska. (Pl. Mem. at 8.) ("While the case could have been filed in Nebraska . . . ."). Thus, only the second prong is at issue.

### B.    Convenience and Interests of Justice Factors

In considering convenience of the parties and witnesses and the interest of justice, the Court analyzes various factors, including "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (alteration in original). Courts in the Second Circuit also consider "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Albert Fadem Tr. v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). "There is no strict formula for the application of these factors, and no single factor is determinative." *Sarracco v. Ocwen Loan Servicing, LLC*, 220 F. Supp. 3d 346, 356 (E.D.N.Y. 2016). "Instead, these factors should be applied and weighed in the context of the individualized circumstances of the particular case." *Id.*

"In seeking to meet [its] burden that clear and convincing evidence calls for transfer, [the movant] must establish that at least one of the factors weighs in favor of transfer, and that any factors weighing in favor of transfer outweigh any factors weighing against it. If all the factors are neutral,

the transfer motion should be denied." *In re Peloton Interactive, Inc. Sec. Litig.*, No. 21-CV-2369 (CBA)(PK), 2022 WL 1211516, at *2 (E.D.N.Y. Jan. 26, 2022).

## 1. Convenience of Parties and Witnesses and Availability of Witnesses

"The convenience of parties and witnesses is considered the essential criteri[on] under the venue statute." *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 214 (S.D.N.Y. 2024) (quoting *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998). "The convenience of witnesses, in particular, is often cited as the most important factor." *Id.*

In analyzing the convenience of witnesses, "the inquiry is not whether the party witnesses could easily get to [the plaintiff's choice of forum]; the inquiry is which of the two forums is *more* convenient." *In re ChannelAdvisor Corp. Sec. Litig.*, No. 15-CV-506 (AJN), 2015 WL 4064625, at *2 (S.D.N.Y. July 2, 2015) (emphasis in original). "The convenience of the parties favors transfer when transfer would increase convenience to the moving party without generally increasing the inconvenience to the non-movant." *Liberty Mut. Ins. Co. v. Fairbanks Co.*, 17 F. Supp. 3d 385, 399 (S.D.N.Y. 2014).

Defendant does not argue that transfer to Nebraska would be more convenient to it, but it argues that litigating this matter in Nebraska, where Plaintiff resides, would be more convenient to Plaintiff and potential witnesses who might have knowledge of his alleged emotional distress damages. (Def. Mem. at 7-8.)

Plaintiff acknowledges that he would have to come to New Yok "at [his] own . . . inconvenience" to testify as a witness but stated a willingness to do so. (Tr. at 18:6-19:1.) He further asserts that there are no emotional damage witnesses other than himself, and that Defendant's employees, whom Plaintiff might call as witnesses, would likely be based in California or New York. (Pl. Mem. at 9; Tr. at 19:17-20.)

Because Plaintiff—the only non-speculative witness that the parties have identified—resides in Nebraska, the convenience of witnesses weighs in favor of transfer. *See Pfaff v. Denver Art Museum*, No. 94 CIV. 9271 (JSM), 1995 WL 373489, at *4 (S.D.N.Y. June 22, 1995) (declining to consider parties' speculation regarding witnesses' locations).

The availability of process to compel the attendance of unwilling witnesses is inapplicable here, because it is "generally relevant only with respect to third-party witnesses," *Jones v. Equifax Info. Servs. LLC*, No. 25 CIV.1535 (GHW) (SLC), 2025 WL 1466898, at *5 (S.D.N.Y. May 22, 2025), and no third-party witnesses have been identified, let alone any who might be unwilling to testify.

Plaintiff argues that convenience of parties favors New York because Plaintiff prefers it, and his counsel is located in New York. (Tr. at 17:11-13.) The location or inconvenience of counsel, however, is not a relevant factor. *See, e.g.*, *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 988 (E.D.N.Y. 1991); *Multiwave Sensor Inc. v. Sunsight Instruments, LLC*, No. 1:16-CV-1361-GHW, 2017 WL 1498058, at *9 (S.D.N.Y. Apr. 26, 2017) (explaining that location of plaintiff's counsel is not basis upon which court can "disregard the clear and convincing evidence Defendants have presented to justify a transfer of this litigation to another district court"); 15 Fed. Prac. & Proc. Juris. § 3850 (4th ed.) (explaining that "the great majority of the cases have [said] either that it is 'irrelevant' or 'improper' to consider" counsel's location).[3]

Thus, aside from counsel's presence in New York, there is no inconvenience to Plaintiff by transferring this case to Nebraska, and this factor also weighs in favor of transfer. *See Liberty Mut.*, 17 F. Supp. 3d at 399.

---

[3] Courts in other circuits have explained that the location of counsel is not relevant to the court's consideration of a motion to transfer. *See, e.g.*, *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir.1973); *In re Chamber of Commerce of the U.S.*, 105 F.4th 297, 306 (5th Cir. 2024) (declining to consider convenience of counsel because § 1404(a) concerns convenience of parties and not attorneys); *Stand Up for California! v. U.S. Dept. of the Interior*, 919 F. Supp. 2d 51, 64 n.14 (D.D.C. 2013) ("Where counsel resides is of little relevance for purposes of evaluating venue transfer motions.").

6

### 2.  **Relative Means of the Parties**

Plaintiff similarly argues that counsel's location weighs against transfer under the relative means of the parties factor.  (Pl. Mem. at 11.)  "Where a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed."  *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 354-55 (E.D.N.Y. 2012).  A party arguing against transfer because of inadequate means must offer evidence showing that transfer would be unduly burdensome to his finances.  *Jones*, 2025 WL 1466898, at *5.

Plaintiff fails to offer any such evidence.  While suggesting that "it's a little costly [for counsel] to get to Nebraska" (Tr. at 21:8-11), Plaintiff provides no information about such expense or the cost of retaining local counsel in Nebraska.  Plaintiff, thus, fails to show undue burden and this factor does not weigh against transfer.

### 3.  **Location of Relevant Documents**

Defendant argues that any documentation Plaintiff possesses will be located in Nebraska.  (Def. Mem. at 8-9.)  Plaintiff argues that Defendant's records are likely accessible digitally or located in California.  (Pl. Mem. at 10.)

"[T]he location of documents and records is not a compelling consideration when records are easily portable."  *Multiwave Sensor Inc. v. Sunsight Instruments, LLC*, No. 1:16-CV-1361-GHW, 2017 WL 1498058, at *7 (S.D.N.Y. Apr. 26, 2017); *see also EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 352 (E.D.N.Y. 2012) ("[T]he Court does not view this factor as particularly significant given the technological age in which we live, with the widespread use of, among other things, electronic document production.").

Given the portability of the documents that the parties deem relevant, this factor is neutral.

### 4. **Locus of Operative Facts**

"[T]o determine where the locus of operative fact lies, courts look to the site of events from which the claim arises." *Jones v. Equifax Info. Servs. LLC*, No. 25-CV-1535 (GHW)(SLC), 2025 WL 1466898, at *5 (S.D.N.Y. May 22, 2025). In actions brought under the FCRA, courts in the Second Circuit have held that the claim arises in the plaintiff's residence where the harm occurred or the place to which dispute letters and responses are mailed. *See, e.g., id.* (explaining that plaintiff's FCRA claims occurred in Georgia and California because he sent dispute letters from his address in Georgia to defendant's California address, and "any damages, such as emotional distress or reputational harm, impacted him in Georgia"); *Wasi v. Equifax*, No. 22-CV-1037 (LTS), 2022 WL 828111, at *1 (S.D.N.Y. Feb. 8, 2022) (finding that "the events giving rise to Plaintiff's FCRA claims could be said to have occurred" in the county where he resides); *MacBagito v. PricewaterhouseCoopers LLP*, No. 25-CV-4062 (LTS), 2025 WL 1859025, at *2 (S.D.N.Y. June 3, 2025) (finding transfer to Maryland to be appropriate because "Plaintiff experienced the harm from Defendants' alleged violations of the [FCRA] in Maryland, where she resides"); *Scalercio-Isenberg v. Credit Suisse Grp.*, No. 22-CV-3208 (LTS), 2022 WL 2080259, at *2 (S.D.N.Y. May 2, 2022) ("Plaintiff suffered the harm giving rise to her FCRA and FDCPA claims at her residence in Sparta, New Jersey.").

Applying this analysis, Plaintiff's FCRA claim should be deemed to have arisen in Nebraska and Texas. Plaintiff suffered the harm giving rise to his FCRA claim at his residence in Nebraska. (Tr. at 10:23-24.) Plaintiff mailed the Dispute Letter from Nebraska to Defendant's Allen, Texas address (Tr. at 16:14-21), and Defendant mailed the Stall Letter from Texas to Plaintiff's residence in Nebraska. (Dkt. 32-2.)

Plaintiff contends that "the operative facts in an FCRA case center on the defendant's actions, not the plaintiff's location," citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). (Pl. Mem. at 10; *see also* Tr. at 16:23-17:2.) However, *D.H Blair* involves the Federal Arbitration Act, not

the FCRA, and more importantly, the Second Circuit does not state that the operative facts center on the defendants' actions. Nor does it mention that any weight should be given to the location of the defendant's actions when considering a motion to transfer venue. Plaintiff cites no other case law that supports this argument. Thus, Plaintiff's allegations that Defendant processed the credit reports, Dispute Letter, and Stall Letter in New York do not shift the locus of operative facts to New York.

Plaintiff also fails to support his related argument that Defendant's "extensive New York operations" and "New York's status as a financial hub" make New York the locus of the operative facts. (Pl. Mem. at 10-11.) He cites *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010), but that case concerned the application of the first-filed rule,[4] and whether the district court erroneously applied the clear and convincing standard in considering a motion to transfer venue; it did not address the significance of the moving party having extensive operations in New York, or New York being the locus of the operative facts by virtue of its status as a financial hub. *Id.* This same argument has already been rejected by another court in this district. *See Jones*, 2025 WL 1466898, at *5 (rejecting plaintiff's argument that New York's status as "financial center" renders New York locus of operative facts).

Plaintiff's allegation that his borrowing costs increased by approximately $5,000 in New York markets is also insufficient to shift the locus of operative facts to New York. Plaintiff does not allege that he applied for loans and credit cards in New York, but only that he applied to "New York-based financial institutions." (Am. Compl. ¶¶ 3, 7, 20.) Plaintiff cites no case law—and the Court has found none—that supports the proposition that applying for loans or credit cards with New-York-based institutions makes New York the locus of operative facts.

---

[4] "The first-filed rule states that, in determining the proper venue, where there are two competing lawsuits, the first suit should have priority." *N.Y. Marine*, 599 F.3d at 114 (cleaned up). That rule is not applicable here.

Accordingly, the Court finds that the locus of operative facts weighs strongly in favor of transfer.

**5.   Plaintiff's Choice of Forum**

Plaintiff's choice of forum is given great weight and should not be disturbed unless other factors weigh strongly in favor of transfer.  *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).  The weight is diminished, however, if the operative facts have little or no connection to the initial forum, or where the plaintiff's residence is not the chosen forum.  *Id.*

In view of the foregoing analysis, any weight accorded to Plaintiff's choice of forum is significantly diminished.  Plaintiff does not reside in New York, and he acknowledges that this action could have been brought in Nebraska.  The parties have identified no witnesses who reside in New York.  The operative facts have no connection to New York.  Other than the location of his counsel, which is not relevant for the purposes of this Motion, Plaintiff articulates no reason that his choice of forum should be given deference.  Any alleged financial hardship associated with retaining local counsel in Nebraska is unsupported by the record.

Accordingly, Plaintiff's choice of forum is not entitled to deference and does not weigh against transfer.

**6.   The Forum's Familiarity with the Governing Law, Trial Efficiency, and the Interest of Justice**

Plaintiff's claim arises out of the FCRA, which is a federal statute.  Plaintiff does not show that this Court is any more familiar with the FCRA than a court in the District of Nebraska.

Finally, the Court has considered trial efficiency and the interest of justice,[5] and concludes that these factors do not outweigh the other factors, which are either neutral or in favor of transfer.

---

[5] "[T]he interests of justice, a term broad enough to cover the variant circumstances of each individual case, which in sum reflect that the administration of justice will be advanced by a transfer."  *Oil and Gas Ventures-First 1958 Fund, Ltd. v. Kung*, 250 F. Supp. 744, 754 (S.D.N.Y. 1966).

Given the totality of the circumstances, the Court finds, by clear and convincing evidence, that venue is more appropriate in the District of Nebraska. Accordingly, the Motion is granted, and this case is transferred to the District of Nebraska.

## II.    Plaintiff's Cross-Motion for Sanctions

Plaintiff requests sanctions pursuant to 28 U.S.C. § 1927, asserting that the Motion "unreasonably multiplies proceedings," lacks merit, and "aims to harass plaintiffs and delay justice." (Pl. Mem. at 11-12.)

Under 28 U.S.C. § 1927, the Court may impose sanctions on an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." The Court may also sanction a party or counsel under its inherent powers "for conduct which abuses the judicial process." *Chen v. Thai Greenleaf Rest. Corp.*, No. 21-CV-1382 (MKB)(JMW), 2023 WL 2731712, at *4 (E.D.N.Y. Mar. 31, 2023) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). "A party seeking sanctions under either 28 U.S.C. § 1927 or the Court's inherent authority must provide 'clear evidence that (1) the offending party's claims were entirely without color, *and* (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay.'" *Clean Air Car Serv. & Parking Branch Three, LLC v. Clean Air Serv. & Parking Branch Two, LLC*, No. 24-CV-5444 (OEM), 2025 WL 1005838, at *1 (E.D.N.Y. Apr. 3, 2025) (quoting *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000)) (emphasis in original).

Because the Court finds the Motion to be meritorious, as discussed above, there is no basis to conclude that the Motion was entirely without color, or that Defendant filed it in bad faith. Accordingly, the Court declines to impose sanctions, and Plaintiff's Cross-Motion is denied.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion is granted, and Plaintiff's Cross-Motion is denied.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:     Brooklyn, New York
                 August 13, 2025