IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LUIS LAGUNA ORTEGA,

Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.

8:25CV503

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to File an Out of Time Answer. Filing No. 54.

Plaintiff originally filed this action in New York state court. Filing No. 1-2 at 6. Defendant removed and answered. Filing No. 9. Plaintiff amended his complaint on August 7, 2025. Filing No. 32. The Court[1] subsequently granted Defendant's motion to transfer and transferred the action to the District of Nebraska on August 13, 2025. Filing No. 33. Defendant untimely answered the amended complaint on September 30, 2025. Filing No. 50.

Federal Rule of Civil Procedure 6 provides "the court may, for good cause, extend the time" to submit a filing "on motion made after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010) (quoting

---

[1] The Honorable Peggy Kuo, United States Magistrate Judge for the Eastern District of New York.

1

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). This is an equitable determination, taking into consideration (1) the possibility of prejudice to the non-moving party, (2) the length of the delay and the possible impact of that delay on judicial proceedings, (3) the movant's reasons for delay, including whether the delay was within its reasonable control, and (4) whether the movant acted in good faith. *Id.* (quoting *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

Upon review of the briefing, Defendant's failure to timely file an answer is attributable to excusable neglect. Defendant was required to respond to the amended complaint by August 21, 2025. *See* Fed. R. Civ. Proc. 15(a)(3). Defendant answered the amended complaint forty days later—on September 30, 2025.[2] This delay is short and the impact on judicial proceedings is minimal. Trial is not set, and discovery has not opened. Any prejudice to Plaintiff is minimal. Plaintiff may litigate his substantive concerns pertaining to the Answer via formal motions practice. Denying Defendant's leave to file the Answer out of time would impose "a severe penalty unmatched by any prejudice to [Plaintiff]." *Chorosevic*, 600 F.3d at 947. Considering the circumstances, Defendant's motion for leave to file the Answer out of time is granted for good cause shown.

Accordingly,

IT IS ORDERED:

1) Defendant's Motion to File an Out of Time Answer, Filing No. 54, is granted. Defendant's Answer, Filing No. 50, is deemed timely.
2) Any motions to strike the Answer, *see* Fed. R. Civ. Proc. 12, or deem admissions pursuant to Rule 8 must be made within 21 days of the date of this Order.

---

[2] Alternatively, Defendant may have had until August 27, 2025 or fourteen days from the Court's order transferring this action to respond to the amended complaint. *See* Fed. R. Civ. Proc. 12(a)(4). This would make Defendant's Answer only thirty-four days late. The Court's conclusion remains the same regardless.

Dated this 6th day of October, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge