IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS LAGUNA ORTEGA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendant. | 8:25CV503<br><br>**MEMORANDUM AND ORDER** |

　　　Before the Court is Plaintiff's Motion to Strike Affirmative Defenses and to Deem Certain Allegations Admitted. Filing No. 65. Also before the Court is Plaintiff's Notice of Errata and Partial Withdrawal. Filing No. 79. For the reasons set forth herein, the Court grants Plaintiff's request to withdraw his motion to deem allegations admitted under Rule 8(b)(6). The remainder of Plaintiff's motion to strike will be denied for the reasons set forth herein.

## BACKGROUND

　　　This case was originally filed in New York state court on February 18, 2025. On March 24, 2025, the Defendant removed this matter to the United States District Court for the Eastern District of New York. On August 13, 2025, the Court granted Defendant's Motion to Change Venue to this court. The case was transferred on August 18, 2025.

　　　The operative complaint sets forth a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681i. Filing No. 32. After discussions amongst the parties, Defendant filed an amended answer on October 17, 2025 narrowing the scope of its affirmative defenses. *See* Filing Nos. 63, 64. Thereafter, Plaintiff filed a motion to strike from Defendant's answer various affirmative defenses. Filing No. 65. The parties undertook briefing of the motions in accordance with this Court's

1

local rules concluding with Plaintiff's reply brief filed on November 12, 2025. Six days later, Plaintiff filed a notice of errata and partial withdrawal relating to the pending motion in which he admits that citations within his briefing were misstated or mischaracterized. Filing No. 79. He also withdraws his request to deem allegations admitted under Rule 8(b)(6) and narrows the affirmative defenses he seeks to strike. Filing No. 79.

The pending motion, after omitting the withdrawn allegations, concerns the following affirmative defenses set forth by Defendant: failure to mitigate and comparative fault, estoppel and unclean hands, and intervening cause. The motion is based upon Fed. R. Civ. P. 8 and 12.

## ANALYSIS

Before analyzing the merits of the motion, the Court finds it necessary to issue a strong warning to Plaintiff, despite his notice of errata. First, the notice of errata was filed nearly two weeks after issues with Plaintiff's citations were raised in Defendant's opposition brief. Plaintiff could have addressed any issues in conjunction with his reply in support of the pending motion. He did not. Rather, he filed his notice almost a week later.

Second, in reviewing Plaintiff's briefs and the caselaw upon which it relies, it is clear Plaintiff not only: (1) misrepresented caselaw and pleadings but (2) refused to admit to this error in his reply brief. This is not a situation in which there is one misstatement, but many (to which Plaintiff now admits).

Finally, Defendant provided authority indicating Plaintiff's counsel has been previously warned about not only filing motions that lack merit but also misrepresenting legal authority to the Court. See *Jones v. Equifax Info. Servs. LLC*, No. 25 CIV.1535 (GHW) (SLC), 2025 WL 1466898, at *7 (S.D.N.Y. May 22, 2025).

Motions or briefing filed in this court based on inadequate or misrepresented authority will not be tolerated. Counsel should take extra care when making

2

representations to this Court as future filings will be thoroughly scrutinized. Further violations will likely warrant significant sanctions, up to and including dismissal of the above-captioned case.

I. **Motion to Strike Affirmative Defenses**

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is "permissive" and grants the court liberal discretion when ruling on a motion to strike. *Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000). A party may move the court to strike an opposing party's pleading or a portion of the pleading "on motion made by a party . . . before responding to the pleading . . ." or the court may act on its own. *Id. See also BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings. *See id.*; *Stanbury,* 221 F.3d at 1063. The purpose of a Rule 12(f) motion to strike is to "minimize delay, prejudice, and confusion." *Infogroup, Inc. v. Database LLC*, 95 F.Supp.3d 1170 (D. Neb. Mar. 30, 2015) (internal citations omitted). However, when abused, Rule 12(f) can multiply proceedings, causing unnecessary disputes and delays. *Id.* Given this, Rule 12(f) motions will not be granted without a "showing of prejudicial harm." *Oglesby v. Lesan*, No. 4:16CV3189, 2017 WL 2345666 at *2 (D. Neb. May 30, 2017).

Here, Plaintiff alleges a number of Defendant's affirmative defenses should be stricken because they "consist entirely of conclusory and boilerplate assertions that lack any factual support, fail to provide fair notice to Plaintiff of the grounds upon which they rest, and are legally insufficient or inapplicable under the governing law." Filing No. 66. Upon filing his errata notice, Plaintiff reduced the number of affirmative defenses he requested the Court strike. He is currently moving to strike the affirmative defenses of failure to mitigate and comparative

3

fault, estoppel and unclean hands, and intervening cause. Filing No. 79. Plaintiff primarily relies upon this Court's decision in *Infogroup,* 95 F.Supp.3d 1170, to support his motion to strike affirmative defenses. However, despite Plaintiff's statement that *Infogroup* struck affirmative defenses, *see* Filing No. 66 p. 4, that is not what the court did in *Infogroup*[1]. The *Infogroup* court did not grant the motion to strike affirmative defenses.

The Court has reviewed Defendant's affirmative defenses and finds the affirmative defenses to be appropriately plead and, further, that they are logically related to the subject matter of the controversy. *See Bachman v Bachman*, No. 8:19CV276, 2021 WL 1060543 at *4 (D. Neb. Mar. 19, 2021) ("When moving to strike, a movant must show that the allegations being challenged are so unrelated to the claims as to be unworthy of any consideration as a defense and that their presence in the pleading would be prejudicial to the moving party."). At this stage in the proceedings, an affirmative defense need only "affirmatively state any avoidance of affirmative relief." Fed. R. Civ. P. 8(c). They "need not be articulated with any rigorous degree of specificity." *Zotos v. Lindbergh School Dist.* 121 F.3d356, 361 (8th Cir. 1997). Moreover, though Plaintiff argues he is prejudiced because he will have to perform discovery and litigate the relevant affirmative defenses, the undersigned does not find that allowing the affirmative defenses to remain in the pleadings will cause delay, prejudice or confusion. *See Infogroup,* 95 F.Supp.3d at 1195. In fact, the undersigned has concerns that granting the motion to strike – in whole or in part – would merely result in the expenditure of unnecessary resources for later amendments to the pleading. *See id.* (denying motion to strike pursuant to Rule 12(f)); *J&J Sports Prods., Inc. v. Ehegartner*, No. 8:18CV75, 2018 WL 2869023 at *1(D. Neb. Apr. 25, 2018). (same); *Acosta v.*

---

[1] The undersigned recognizes Plaintiff has now changed its position in the newly filed Notice of Errata.

4

*Monsanto Co.*, No. 4:20CV3048, 2020 WL 4049887 at *2 (D. Neb. July 20, 2020) (same).

There is nothing Plaintiff has argued or cited (especially when considering Plaintiff's Notice of Errata which withdraws a significant amount of caselaw upon which Plaintiff relied) that makes the undersigned believe the affirmative defenses at issue are the types of matters that need to be addressed by Rule 12(f). In fact, there is caselaw indicating the affirmative defenses are appropriate. *Nadeau v. Experian Info Solutions, Inc.*, 2020 WL 7396588 at *5 (D.Minn. Dec. 17, 2020) (denying a motion to strike the affirmative defenses of failure to mitigate, comparative fault, estoppel, unclean hands, and intervening cause). This motion is denied.

**II.    Motion to Deem Admitted**

Plaintiff requests, pursuant to Fed. R. Civ. P. 8(b)(6), to deem specific allegations from his Amended Complaint as admitted. Plaintiff has now withdrawn this request. *See* Filing No. 79. The Court grants Plaintiff's request to withdraw his motion to deem allegations admitted. To the extent the motion remains, it is denied.

For the reasons set forth herein,

Plaintiff's Motion to Strike Affirmative Defenses and to Deem Certain Allegations Admitted, Filing No.65, is denied.

Dated this 10th day of December, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge